**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOHNNY A. CASTRO, Sr., | No. 11-15470 |
| Plaintiff - Appellant, | D.C. No. 1:09-cv-01763-GBC |
| v. | |
| C. PROUTY, Correctional Officer; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Gerald B. Cohn, Magistrate Judge, Presiding[**]

Submitted June 26, 2012[***]

Before:   SCHROEDER, HAWKINS, and GOULD, Circuit Judges.

Johnny A. Castro, Sr., a California state prisoner, appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging claims

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[*]      Castro consented to proceed before a magistrate judge.  *See* 28 U.S.C.
§ 636(c).

[***]      The panel unanimously concludes that this case is suitable for
decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

arising from his validation as a prison gang member and confinement in the Security Housing Unit ("SHU"). We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's decision to dismiss under 28 U.S.C. § 1915A, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and for an abuse of discretion its decision to do so without leave to amend, *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). We affirm.

The district court properly dismissed Castro's due process claim because, even assuming there was a liberty interest at stake in avoiding continued confinement in the SHU, Castro failed to allege facts showing that he was denied due process. *See Bruce v. Ylst*, 351 F.3d 1283, 1287 (9th Cir. 2003) (prison gang validation decisions need only be supported by "some evidence," and prison officials need only provide the inmate with notice of the charges against him and an opportunity to present his views).

The district court did not abuse its discretion in dismissing Castro's complaint without leave to amend, because its deficiencies could not be cured by amendment. *See Lopez*, 203 F.3d at 1130.

Castro's remaining contentions are unpersuasive.

**AFFIRMED.**